Case? Case number 15-6-0300, Pure Transportation v. the Braman Agency. Okay, would the lawyers please approach the bench and introduce yourselves to the court, please. Kristen Mattei, on behalf of Appellant, Pure Transportation. Joanne Rogers, for the Braman Agency. Okay, and how much time does the appellant need to respond? 10 minutes, 15 minutes. Okay, let's proceed. Good morning, your honors. May it please the court. As I stated, I represent the Appellant, Pure Transportation, an Illinois corporation in this case. This case is an appeal of a two-count complaint that was filed in the trial court, initially as a third-party complaint, and then subsequently as a stand-alone complaint that was consolidated with a suit in which LM Insurance Company sued Pure Transportation for unpaid premiums resulting from workers' compensation policy. The two-count complaint, Count 1, asks for, Pure asks for indemnification against the Braman Agency, which is the insurance brokerage that facilitated the LM policy that provided the workers' compensation coverage, or allegedly provided it. Okay, let's stop for a moment and talk about Count 1. What was your cause of action in Count 1? Count 1 is seeking indemnification from Braman for its failure to use ordinary care in procuring the insurance coverage requested by Pure and ultimately the policy from LM Insurance. So it alleges that... So would it be correct to call it a contract action for indemnification? Is it correct to use action? Well, a suit for indemnification is a quasi-contract action, but the liability is actually a tort action. That's clear in the case law. Okay. So it's a quasi-contract action. It's a quasi-contract action. And in this case, based both on the case law and on the statute, which in this case is Section 2201, which specifically codifies the duty that an insurance broker, insurance producer, insurance agent, has to their client in using ordinary care to procure the type of coverage requested. There are specific case law, including Garrett v. Mesero Financial, which specifically states that an insurance broker is an agent who has that duty and can be held liable for a breach of that duty or a failure to procure the coverage requested. It has been argued by the Brahman Agency, and I believe it was the basis for the trial court's decision, that somehow because the original action, the LM suit against Peer, was a suit for breach of contract, which are the allegedly unpaid premiums, that somehow this right of implied indemnification could not exist. Peer believes that it's clear in both the statute, which codifies the duty and gives a right to indemnification, and in the case law that such a duty exists. There are some cases cited by Brahman that we think are distinguishable from this case, including the Schultz case and the Board of Education v. Duffy, and this idea that was advanced that somehow Brahman is a stranger to the insurance contract and therefore cannot be held or have a duty to indemnify. The duty of implied indemnification has to do with the pre-tort relationship between the parties, in this case that is Peer Transportation and its agent, the Brahman Insurance Company. The cases cited by Brahman, such as Schultz and Board of Education, are cases in which there is no pre-tort relationship that would give rise to the duty of indemnification. So it is... The way that you're couching that, you're couching that as if this is a tort action, that there was a tort that occurred here. And so that goes back, I think, to what you said earlier, that although this is a quasi-contract, it's also considered to be a tort? Yes. For reasons that have been well established, the right of implied indemnity, although it arises out of a quasi-contract right, the actual remedy is a tort remedy. Which makes sense because in your discussion, you've been talking about the existence of a duty and the breach of a duty. Yes. In this case, it's clear... What is it? I'm sorry, go ahead. I was saying, in this case, there is clearly a duty both in the case law, under the principal and agent theory, and in this case, in addition to the case law, there is a specific statute, Section 2-201, that provides that there is a duty of ordinary care between an insurance producer, which has been more clearly explained recently by the Supreme Court in the Skaperdas case, that that includes both brokers and agents, that they have a duty to their principals to procure the coverage requested, and if they don't, do that they are actionable for any damages resulting therefrom. I believe the cases make it clear that it's any damages resulting therefrom. There was, the argument has been raised, again, that because the suit by LM against here is a breach of contract suit, that somehow that duty to indemnify does not exist. Again, that duty is codified in a statute that gives rise to that duty, and in essence, if Brahman's argument and the trial court's argument were taken to its completion, the rule would then be that an insurance broker is liable to its principal for all damages unless somehow those damages result from a breach of contract. Can you explain to us, you know, the difference between, you know, a third-party indemnity claim for breach of contract and one for personal injury? A third-party, the difference, I'm sorry, the difference between a third-party claim for indemnification and a third-party claim for... Well, there's two, you know, there's two things. There's a third-party indemnification claim, you know, that goes to personal injury and one for breach of contract. Isn't yours one that sets it up for breach of contract? In this case, the action for, the third-party action is seeking indemnification, but for the breach of the duty being the failure to procure the coverage requested, which, again, as we discussed, is actually a tort, which is different than a suit seeking personal injuries, which would be from a negligence-type duty for failure to... Again, the duty in both cases involves... Let me ask you this. You cite the Robertson case. Yes. Okay. Now, what's the difference between the Robertson case and your case? In terms of the indemnification or the third-party complaint, there... Well, as it's legally relevant to this appeal. I think that they're akin. In the Roberts case, the suit was for... Well, the other lining third-party indemnification claim was not for breach of contract. It was for personal injury in Robertson. Correct, because the policy at issue, there was a request to add a name insured to an auto policy. Well, in your case, you see, it's not for personal injury. It's for contract. Correct, but the duty between the third-party plaintiff and the third-party defendant is the same in both cases. That may be, but the difference is one's for breach of contract and one's for personal injury, and different rules apply. One rule applies to personal injury and the other applies to contract. However, the duty, though, that exists between the third-party plaintiff and the third-party defendant is the same in both cases. In the Robertson case, again, there was an insured sought to add their name to the policy, and the policy wasn't added, and then that insured son was involved in a motor vehicle accident and was denied a claim for benefits under the policy. And then the insured sued the broker because she had requested that her name be added to the policy, and she sued the broker for failure to use ordinary care in providing the policy that was requested, which is the same duty in this case that Brahman failed its duty of ordinary care to provide the policy that Peer requested, which was a policy that exempted certain independent driver contractors from the policy. So the duty between, although the cause of action between the original plaintiff and the original defendant in one case is a personal injury case and another case is a breach of contract case, doesn't change the fact that there's an actionable duty between the defendant slash third-party plaintiff and the third-party defendant. It should also be pointed out that in the Maxfield case, which is an Illinois Supreme Court case where there was an implied duty to indemnify, and again, this is not an insurance agent insurance broker case, but again, the underlying suit in the Maxfield case was a breach of contract case. In that case, there was a home, there was a contract to build a home, and there were allegations that the contract to build the home was violated and a suit was brought for an improper roof. And then the defendant in that case brought in the manufacturer for providing materials that were improper and for the manufacturer of the roof. But the original suit in that case was a breach of contract action, and the Supreme Court upheld the duty of implied indemnification on the same principle and agent theory. So it's our contention that the fact that the original suit, in this case the LM suit versus pure transportation, involved a breach of contract action, does not change the fact that there's a valid cause of action for indemnification for Brahman's failure to procure the insurance coverage requested in this case. What's the implication, if we accept that posture that you just took, the position that you just took, what's the implication with regard to the statute of limitations? With the statute of limitations? Again, it's clear that an action for indemnification has a different statute of limitations than an original action. In this case, it would be two years from the service of the underlying action or when the party knew or should have known of the conduct giving rise to the action, whichever is later. So in this case, it would be two years from when the underlying suit was filed. And in this case, it was filed in 2012, and the separate action was filed in 2014, short of the two-year mark. So it was filed timely. And again, as discussed in the case law, that is to prevent anticipatory suits. There is no way for an insured to know that his coverage is improper unless there is an actual reason for him to know that. You know, if he's not, there is no duty to go around and file anticipatory suits saying that I did not receive the proper coverage and I may someday in the future be held responsible for that. And in this case, when LM brought the action against Peer alleging that the coverage was not what Peer had requested, which was coverage that excluded these drivers, independent contractor drivers, from coverage, it was then that gave rise to the action by Peer against Brahman seeking indemnification because it did not receive the coverage that it requested and that Brahman had a duty to provide. So therefore, that's why it's our contention that it is the indemnification, such as the limitations, that applies and that the action was filed timely. Do you have a count? Go ahead. Do you have a count, which is count two, which is a little amorphous because of the odd way in which it is filed in this case. Count two seeks to add Brahman as a joint tortfeasor with LM in Peer's suit against LM for violations of the Consumer Fraud Act. And again, it's because of the sort of unique procedural history that's outlined in the briefs. It was originally filed as part of the counterclaim Peer brought against LM and the third-party action against Brahman in the original suit. It was now brought as a separate suit and consolidated, but the only relief sought is to add Brahman as a joint tortfeasor with LM for violations of the Consumer Fraud Act. And in this case, there are certain violations of the Consumer Fraud Act which are negligent and actionable at common law for which contribution is available under the Consumer Fraud Act. It was previously determined by the trial court in the original action that the counterclaim that Peer brought against LM was filed timely. It was according to the savings clause. So Peer was allowed to bring its Consumer Fraud Action against LM and Peer is simply seeking to add all necessary parties to its Consumer Fraud Action, which in this case is Brahman, in order to perfect its Consumer Fraud Action against the parties that it believes were ultimately liable for the issue that happened with the drivers being excluded or not excluded from the policy. Now, what did the trial court say about that? Trial court, again, went back to the original idea that these were not derivative actions. It seemed to Peer that there was a confusion that Peer was attempting to add Brahman as a joint tortfeasor with itself in its actions, which isn't the case. Peer isn't alleging that Brahman acted in concert with it. It's asking that the court add it as a joint tortfeasor with LM regarding the issue that after these policies were in effect, the issue regarding the exclusion of the drivers was raised and Peer sought from both Brahman and LM language that would fix the problem. And LM provided to Brahman, who provided to Peer this language, which it's alleged would have fixed the problem and properly excluded the drivers and had given Peer the coverage that it requested. Peer inserted that language and relied on that language and ultimately then got sued by LM. So it is attempting in its counterclaim to allege that it was LM and Brahman acting together in providing this language that Peer relied on to its detriment in violating the Consumer Fraud Act. So it sounds a little strange in that it's a separate stand-alone suit filed seeking to add a co-defendant in the consolidated case, but that's... Well, what's your cause of action there? The cause of action is for violation. Brahman violated the Consumer Fraud Act in providing that language to Peer that said it would fix the problem and exempt its owner drivers. Didn't the trial court say you were barred because you were out of time on the Consumer Fraud Act? Yes, but again... Why is that not correct? Because the original action of the counterclaim that Peer filed against LM was saved by the Savings Clause and held to be timely. So this is simply adding Brahman as a joint tortfeasor with LM in that action. It's simply a continuation of that. Otherwise, what essentially the trial court is saying is that you can file your counterclaim against LM for violating the Consumer Fraud Act, but you can't perfect it because the Savings Statute of Limitations applies to the action against LM, but the original Statute of Limitations somehow applies to the joint tortfeasor. Thus, by the trial court's decision, Peer can't perfect, can't join all the necessary parties in its Consumer Fraud Action because there are two different Statutes of Limitations being applied here, which again is why there are Savings Statutes, why there are separate Statutes of Limitations for contribution and indemnification actions to prevent this, to allow all suits to be litigated together with all necessary parties and give everybody an opportunity. Again, otherwise then you have anticipatory suits or suits that are barred in essence before they become what? Because as with Count Warren, Peer had no reason to file a Consumer Fraud Action against Brahman when alleging it was a joint tortfeasor with LM if LM hadn't sued Peer for the issue with respect to the workers' compensation. So in order to have the suit be complete, the two-year from the time of filing of the underlying suit is a Statute of Limitations that needs to apply to Count Two as well. You know, I want to ask you a simple question. You know, I know the plaintiff also sued Liberty Mutual. Is there any company that writes an insurance policy that excludes independent contractors in the trucking industry? I don't know, honestly, if there are other companies that do that. I know that there was an issue with the company but I would say the problem is that if a company would write such a policy, they would be defending every case because every plaintiff lawyer would contend that the person is not an independent contractor because they have the name of the company on the truck and on their uniform and all these things and they always try to tie it up so they usually refuse to write such a policy. In this case, I... So that's maybe one of the reasons why the policy came out that way. But that's just my many years telling you something. Thank you. Thank you very much. May it please the Court, Counsel. Justice Gordon, you did hit on a very crucial point to the analysis of this case. The Brayman Agency did procure from Liberty Mutual LM Insurance the precise coverage that Peer Transportation requested, just covering its office staff. It was not until Liberty Mutual, pursuant to the contract, that policy of workers' compensation insurance came in and did an audit of that policy to evaluate its exposure and it was LM Insurance that determined that the drivers were not, as Peer had represented, independent contractors but, in fact, employees. Those drivers were then factored into the recalculation of Peer's premiums. The Brayman Agency had nothing to do with the audit, number one, and, number two, the recalculation of those premiums. But that goes to the merits of the claim, doesn't it? Well, it does, Your Honor, but Counsel talked a great deal about the duty of the agent broker under 22201, which is why I brought that up because the Brayman Agency did, in fact, procure the precise coverage that Peer Transportation had requested. So your position is that if this case ever went to trial, you would be found to be not culpable. But this case was stopped on procedural grounds. That's correct, Your Honor, and the Brayman Agency's position is that count one, alleging breach of contract and seeking indemnification, is barred by the five-year oral contract statute of limitations. This case is not a third-party complaint. It's not a refiled matter, and it's not an amendment. So when that stand-alone complaint was filed, in total a breach of contract and seeking indemnification, it is the Brayman Agency's position that the five-year oral contract statute of limitations applies, and it was thus filed. Well, they claim that this is not a breach of contract action. They didn't style it as a breach of contract action. They didn't draft it as one. They claim that this is an indemnity action. Well, I understand that. Indemnity has a different statute of limitations. That's correct, Your Honor. And the trial court agreed with the Brayman Agency that it was, in fact, a claim for a breach of an oral contract. This court in Scholson v. Dancona found that where the underlying claim was for a breach of contract, that there could be no indemnification, that the pre-tort relationship could not exist, the necessary pre-tort relationship could not exist. But here's my question with regard to that. I understand that, but here's my question. If that case stands for the fact that there could be no cause of action for indemnification, right? That's what you're saying, right? That based on this case, the cause of action for indemnification doesn't lie. Is that what you're saying? That's also, Your Honor, based on the fact that the underlying claim is for a breach of contract. Here's my question, and it's just a purely procedural question. Maybe you can help me with it. If really what's going on here is that they've alleged an indemnity action, and an indemnity action doesn't lie, then why wasn't their indemnity action just dismissed for failure to state a cause of action?  I mean, if they didn't allege an indemnity action, then under 2615, they should have been kicked out on that. Well, I believe the trial court said that there was no basis on which to imply indemnity. But that's what they alleged in their complaint. They alleged indemnity. So, I mean, the only thing I'm struggling with is, where's the authority to take a cause of action that they claim is one cause of action and say, it's not really that, it's this. It's contract. It's not indemnity. It's contract because there is no indemnity. So, I'm going to say it's a contract action and apply a different statute of limitations. Where's the authority for the trial court to recharacterize their complaint? Well, Your Honor, I believe the trial court's characterization of the complaint was simply agreeing to the I don't believe it was recharacterized. I believe once our motion to dismiss was brought, pure transportation is the one who recharacterized it as an action for indemnity in order to defeat the statute of limitations. Well, what does it say in the complaint? What did they say? Didn't they say that we want to be indemnified? It didn't occur for relief, but they allege a breach of an oral contract that the Brayman Agency was retained to procure this certain workers' compensation insurance for them that we did not provide to them the policy or the coverage that they desired, and therefore we breached our contract with them. And then they're seeking indemnity for their breach of a separate contract, their failure to pay the workers' comp premiums. And so would it be correct to say that your position is that this is really a breach of contract action that was brought by them, and in order to avoid the statute of limitations issue, they said, well, wait a minute, this isn't really an indemnity action? Precisely, Your Honor. And additionally, even if this were in fact an indemnity action, that it doesn't lie. There is no basis on which to imply indemnity. Yeah, I started with that premise, but it's really just kind of an academic, I guess this is an academic place, but it's just an academic question. Should this have been dismissed for failure to state a cause of action, or should it have been dismissed for being barred by the statute of limitations? That's what I'm asking. Probably both. Now, if I may, moving on to count two, for a violation of the Consumer Fraud Act and contribution, the Bremen Agency has brought a statute of limitations argument, and that is the basis on which that claim was dismissed based on that three-year statute of limitations. In their, in Peer Transportation's response, they said, no, no, this is not a violation, a claim for violation of the Consumer Fraud Act, now this is a contribution action. It's curious that a party who is alleging violation of the Consumer Fraud Statute against LM Insurance can seek contribution from the Bremen Agency. Typically, it's the party who is accused seeking contribution from a party that is also potentially liable. Peer here is the party alleging not being accused of consumer fraud. Additionally, that Peer Transportation has suggested or alleged that the Bremen Agency and LM Insurance acted in concert or in cahoots, however you'd like to call it. The Bremen Agency applied for the policy of workers' comp insurance on behalf of Peer Transportation through the assigned risk pool. And that policy or that application was randomly assigned to Liberty Mutual. There was no acting in concert with Liberty Mutual. The COW 2 fails on both levels. The statute of limitations, again, this is not a refiled action, this is not an amendment, and it's not a third-party claim. So it is our position that the three-year statute of limitations has been violated. Additionally, if, as Peer suggests, it's a claim for contribution, that claim for contribution does not lie because the party alleging the claim cannot seek contribution. And if there are no further questions. Thank you. Rebuttal. Thank you. Very briefly with respect to count one. At no point in their briefs and really here today has Bronman acknowledged the existence of Section 2201. It somehow claims that there is no action for indemnification that can lie and completely ignores the fact that there is a statute that specifically provides that a broker has a duty of ordinary care to provide the insurance coverage requested. The complaint that Peer brought against Bronman specifically pled that that statute was violated and that Bronman was negligent in providing the insurance coverage requested. So to somehow claim that the complaint that Peer brought against Bronman was a suit for a breach of an oral contract is simply not true and ignores the fact that there is a statute that provides the action and that it was pled as Bronman negligently failed to provide the insurance coverage requested. So it was pled as a violation of that statute. It was pled, the only relief asked for was for indemnification. And there are cases, numerous ones out there, Garrett v. Visro Financial, Robeson v. Knapp. Robeson v. Knapp specifically allows what would have been a third-party complaint like this originally was for indemnification for failing to provide the insurance coverage. And again, it's clear that a broker has a duty to provide the coverage requested and can be held liable for a breach of that duty, which is what count one asks for. It asks for indemnification based on a breach of that duty, and therefore it was filed timely under the indemnification statute. And again, the last thing I'll say about count two is, again, Peer is not asking for contribution from Bronman. It's asking for LM and Bronman to be co-defendants or joint court feasors in their actions in violating the Consumer Fraud Act. So somehow that distinction gets confusing, and again, it is because of the way, the unique way in which this case as it currently appears with it being a separate action that's consolidated, but it is not an attempt for Peer to bring in Bronman as a joint court feasor with itself. It's simply trying to add Bronman as a co-defendant and person who acted jointly or company who acted jointly with LM in their joint violations of the Consumer Fraud Act. And again, the only prayer for relief there, it asks for an apportionment of liability that they be found at fault for the violations of the Consumer Fraud Act. So it's really just adding a defendant? It's really just adding a defendant. So did you do that in a timely way? It was added timely in the third party action, and actually they were both filed within two years of the time of service of LM's action. So yes, they would be timely under both circumstances. Thank you. Well, thank you guys for a very interesting case, and we'll take it under advisement, and we're going to take a brief recess.